



FILED _____ _____ RECEIVED
ENTERED _____ _____ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 1 3 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

1  SIGAL CHATTAH
   United States Attorney
2  District of Nevada
   Nevada Bar No. 9264
3  STEVEN W. MYHRE
   Nevada Bar No. 9635
4  JUSTIN J. WASHBURNE
   Assistant United States Attorneys
5  333 Las Vegas Blvd., South. Ste 1100
   Las Vegas, Nevada 89101
6  Steven.Myhre@usdoj.gov
   Justin.Washburne@usdoj.gov
7  *Attorneys for the United States*

8              **UNITED STATES DISTRICT COURT**
                     **DISTRICT OF NEVADA**
9

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SEALED** <br> **SUPERSEDING CRIMINAL** <br> **INDICTMENT** |
| Plaintiff, | |
| v. | **Case No.: 2:24-cr-00142-JAD-EJY** <br> <u>**VIOLATIONS:**</u> |
| DAVID RYAN LINDEN and <br> RICK KIRAN SAGA, | Title 18, United States Code, Section 371: <br> Conspiracy (Count One) |
| Defendants. | Title 18, United States Code, Section <br> 666(a)(1)(A): Federal Program Theft (Counts <br> Two through Seven) |
| | Title 18, United States Code, Section <br> 1956(h): Conspiracy to Violate Sections 1956 <br> and 1957 (Count Eight) |
| | Title 18, United States Code, Section <br> 1956(a)(1)(b)(B)(i): Money Laundering <br> (Counts Nine and Ten) |
| | Title 18, United States Code, Section 1957: <br> Monetary Transactions in Criminally <br> Derived Property (Counts Eleven and <br> Twelve) |
| | Title 18, United States Code, Section 1001: <br> False Document (Count Thirteen) |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**The Grand Jury Charges as Follows:**

At all times relevant to the Superseding Indictment:

### BACKGROUND

1.      The Health Resources and Services Administration (HRSA) was an agency of the United States tasked with providing healthcare benefits and services to medically underserved communities. HRSA paid federal grant money to Federally Qualified Community Health Centers ("FQHC's") for the purpose of providing healthcare benefits and services to medically underserved communities. HRSA oversaw the expenditure of federal grant money paid to FQHC's and, from time to time, required FQHC's to submit financial statements to HRSA that truthfully disclosed the expenditure of funds.

2.      Silver State Health Services ("SSHS") was a Nevada corporation operating as a FQHC that provided health care items, benefits, and services to medically underserved persons in Las Vegas.  SSHS received millions of dollars in federal grant payments from HRSA that was earmarked to pay salaries and benefits for health care providers employed by SSHS. From time to time, SSHS was required to submit financial statements to HRSA that truthfully disclosed the expenditure of funds by SSHS.

3.      Defendant, **DAVID RYAN LINDEN ("R. LINDEN")**, was a resident of the State and Federal District of Nevada, and, from time to time, served as the Chief Executive Officer of SSHS.

4.      Defendant, **RICK KIRAN SAGA ("SAGA")** was a resident of the State and Federal District of Nevada, who, from time to time, affiliated himself with SSHS.

## MANNER AND MEANS OF SCHEME AND CONSPIRACY

5.      During the dates set forth herein, the defendants conspired to engage in a scheme to embezzle, convert, misappropriate and steal money belonging to SSHS, including federal grant money earmarked for employee salaries, by funneling federal grant money belonging to SSHS into financial accounts associated with nominee companies controlled by the defendant.  The defendants then used the stolen grant money to purchase commercial real estate.

6.      It was a part of the scheme and conspiracy that defendants created, controlled and maintained a financial interest in Nevada limited liability corporations ("LLC's") which acted as their nominees.

7.      It was further a part of the scheme and conspiracy that defendants caused their nominee companies to enter into purchase contracts for commercial real estate.

8.      It was further a part of the scheme and conspiracy that defendants knowingly, and without authority, converted, misappropriated, embezzled and stole, federal grant money belonging to SSHS by moving the SSHS money from financial accounts associated with SSHS and into financial accounts associated with their nominee corporations.

9.      It was further a part of the scheme and conspiracy that defendants concealed the movement of SSHS money from HRSA by, among other things, causing false entries in SSHS books and records and causing false financial statements to be reported to HRSA.

10.     It was further a part of the scheme and conspiracy that after moving money into accounts associated with the nominee corporation, the defendants caused stolen

SSHS money to be expended from those accounts for the purchase of commercial property.

11.    It was further a part of the scheme and conspiracy that defendants caused the titles to the properties to be transferred from the name of the sellers to the names of the nominee companies. In this manner, the defendants concealed and disguised the nature, location, source, ownership, and control of the stolen money and obtained a financial interest in the acquired properties.

**OVERT ACTS IN FURTHERANCE OF THE SCHEME AND CONSPIRACY**

13.    In furtherance of the scheme and conspiracy, and the objects thereof, the defendants, and others working with them, performed, and caused to be performed, one or more of the following overt acts:

a.    On or about June 24, 2019, moved $340,000 from a financial account belonging to SSHS to a financial account belonging to a company known as Freedom Infusion.

b.    On or about July 13, 2020, created 2965 Holdings LLC ("2965 Holdings") as a nominee company.

c.    On or about July 29, 2020, caused contract between Seller and 2965 Holdings for purchase of commercial property located at 2965 South Jones Boulevard, Las Vegas, Nevada (hereinafter the "Jones property").

d.    On or about August 6, 2020, moved $950,000 from a financial account belonging to SSHS to an escrow account belonging to Fidelity Title to be held in favor of 2965 Holdings for the purchase of the Jones property.

e.    On or about August 13, 2020, moved $163,000 from a financial account belonging to SSHS to an escrow account belonging to Fidelity Title, in favor of 2965 Holdings for the purchase of the Jones property.

4

f.  On August 17, 2020, caused $1,113,000 to be disbursed from escrow account at Fidelity Title to a financial account held by Seller of the Jones property.

g.  On or about August 14, 2020, caused title to the Jones property to be transferred from Seller to 2965 Holdings.

h.  On or about August 21, 2020, formed 7373 Peak, LLC ("7373 Peak") to be formed as nominee company.

i.  On or about September 11, 2020, caused contract between Seller and 7373 Peak for the purchase of commercial property located at 7373 Peak, Las Vegas, Nevada, (hereinafter the "Peak property").

j.  On or about August 28, 2020, moved $200,000 from a financial account belonging to SSHS to a financial account belonging to 7373 Peak.

k.  On or about August 28, 2020, moved $100,000 from a financial account belonging to SSHS to a financial account belonging to 7373 Peak.

l.  On or about September 9, 2020, moved $350,000 from a financial account belonging to SSHS to a financial account belonging to 7373 Peak.

m.  On or about and between September 4 to September 10, 2020, moved $650,000 from a financial account belonging to 7373 Peak to an escrow account belonging to First American Title for the purchase of the Peak property.

n.  On or about September 14, 2020, moved $650,000 from and escrow account belonging to First American Title to a financial account belonging to Seller of the Peak property.

o.  On or about November 5, 2020, caused title to the Peak property to be transferred from Seller to 7373 Peak LLC.

p.  In and around April 2022, knowingly caused a false audit report for SSHS to be submitted to HRSA.

**COUNT ONE**

Conspiracy to Commit Offense Against the United States
(Title 18, United States Code, Section 371)

14.     Paragraphs 1 through 13 are incorporated herein as though set forth in full.

15.     Beginning on or about the beginning of June 2019 and continuing through at least the end of April 2022, in the State and Federal District of Nevada, and elsewhere,

**DAVID RYAN LINDEN** and
**RICK KIRAN SAGA,**

defendants herein, did conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to commit an offense against the United States, to wit:

    a.  Federal Program Theft, in violation of Title 18, United States Code, Section 666.

    b.  False Writing or Document, in violation of Title 18, United States Code, Section 1001.

16.     In furtherance of the conspiracy, the defendants committed, attempted to commit, and caused to be committed, the overt acts described herein and all of those comprising the offenses charged in Counts Two through Seven, and Thirteen, below.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH SEVEN
Federal Program Theft
(Title 18, United States Code, Section 666 and 2)

17.     Paragraphs 1 through 13 are incorporated herein as though set forth in full.

18.     On or about the dates as indicated below, in the State and Federal District of Nevada, and elsewhere,

**DAVID RYAN LINDEN** and
**RICK KIRAN SAGA,**

defendants herein, aided and abetted by each other, and being an agent of an organization, to wit, SSHS, said organization receiving in any one year period relevant to the charges in this Superseding Indictment, benefits in excess of $10,000 under a federal grant administered by HRSA under grant number H80CS30721, embezzled, stole, obtained by fraud, without authority knowingly converted to the use of a person not the rightful owner, and intentionally misapplied property worth at least $5,000, and owned by, under the custody of, and under the control of, SSHS, as follows:

| Count | Date | Amount | Transaction |
|---|---|---|---|
| **Two** (as to defendant **Linden** only) | 6/24/2019 | $340,000 | Wire transfer from SSHS, Nevada State Bank, account #xxx-4690 to account xxx-0789 held by Freedom Infusion. |
| **Three** | 8/6/2020 | $950,000 | Wire transfer from SSHS, Nevada State Bank account # xxx-4690 to escrow account xxx-4787 held by Fidelity Title. |
| **Four** | 8/13/2020 | $163,000 | Wire transfer from SSHS Nevada State Bank account # xxx-4690 to escrow account xxx-4787 held by Fidelity Title. |

| Five | 8/28/2020 | $100,000 | Wire transfer from SSHS, Nevada State Bank account # xxx-4690 to account xxx-0736 held by 7373 Peak LLC. |
| Six | 8/28/2020 | $200,000 | Cashier's check written on SSHS, Nevada State Bank account # xxx-4690 to account xxx-0736 held by 7373 Peak LLC. |
| Seven | 9/9/2020 | $350,000 | Wire transfer from SSHS, Nevada State Bank account # xxx-4690 to account xxx-0736 held by 7373 Peak LLC. |

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT EIGHT
### Conspiracy to Violate Sections 1956 and 1957
### (Title 18, United States Code, Section 1956(h))

19.    Paragraphs 1 through 13 are incorporated herein as though set out in full.

20.    Beginning on or about June 2019 and continuing through at least November 2020, in the State and Federal District of Nevada and elsewhere,

### DAVID RYAN LINDEN and
### RICK KIRAN SAGA,

defendants herein, did knowingly combine, conspire, confederate and agree with each other and with others known and unknown to the grand jury to commit an offense against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

a.    Knowingly engage, and attempt to engage, in a financial transaction involving proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), as described more fully in Counts Nine and Ten herein.

b.    Knowingly engage, and attempt to engage, in a monetary transaction involving criminally derived property in excess of $10,000, in

8

violation of Title 18, United States Code, Section 1957, as described more fully in Counts Eleven and Twelve herein.

All in violation of Title 18, United States Code, Sections 1956(h).

## COUNTS NINE AND TEN
Money Laundering
(Title 18, United States Code, Section 1956(a)(1)(B)(i))

21.    Paragraphs 1 through 13 are incorporated herein as though set out in full.

22.    On or about the dates listed below, in the State and Federal District of Nevada, and elsewhere,

**DAVID RYAN LINDEN and
RICK KIRAN SAGA,**

defendants herein, did knowingly conduct, and attempt to conduct, a financial transaction affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is, Federal Program Theft, in violation of Title 18, United States Code, Section 666, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Financial Transaction |
|-------|------|--------|----------------------|
| Nine | 8/14/2020 | $ 1,113,000 | Transfer of title to 2965 Jones property to 2965 Holdings. |
| Ten | 11/5/2020 | $ 650,000 | Transfer of title to 7373 Peak property to 7373 Peak LLC. |

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

9

1

## COUNTS ELEVEN AND TWELVE
Money Transactions in Criminally Derived Property
(Title 18, United States Code, Section 1957)

2

3        23.        Paragraphs 1 through 13 are incorporated herein as though set out in full.

4        24.        On or about the dates listed below, in the State and Federal District of

5    Nevada, and elsewhere,

6                            **DAVID RYAN LINDEN, and**
                             **RICK KIREN SAGA,**

7

8    defendants herein, aided and abetted by each other, did knowingly engage, and attempt to

9    engage, in a monetary transaction by through or to a financial institution affecting

10   interstate or foreign commerce in criminally derived property of a value greater than

11   $10,000, as alleged below, which was derived from specified unlawful activity as alleged

12   herein, namely Conspiracy to Commit Federal Program Theft, Federal Program Theft,

13   and Money Laundering, in violation to Title 18, United States Code, Sections 371, 666,

14   and 1956, as follows:

| Count | Date | Amount | Monetary Transaction |
|---|---|---|---|
| **Eleven** | 8/17/2020 | $ 2,906,800.16 | Wire transfer from Fidelity Title, Account xxx-4787 to Seller 2965 Jones property, Account xxx-2008. |
| **Twelve** | 9/14/2020 | $ 650,000 | Wire transfer from First American Trust, Account xxx-2043 to LVRIES, Account xxx-1633 for 7373 Peak property. |

All in violation of Title 18, United States Code, Section 1957 and 2.

## COUNT THIRTEEN
False Document
(Title 18, United States Code, Section 1001(a)(3))

25.     Paragraphs 1 through 13 are incorporated herein as though set out in full.

26.     On or about April 14, 2022, in the State and Federal District of Nevada,

**DAVID RYAN LINDEN,** and
**RICK KIREN SAGA,**

defendants herein, aided and abetted by each other, did willfully and knowingly make and use, and cause the making and using of, a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by submitting, and causing the submission of SSHS Financial Statements for the year ended December 31, 2019, to HRSA, said statements containing the false statement that in excess of $351,000 of SSHS funds were expended as Construction in Progress for the purchase of a building, knowing and believing that said $351,000 was not expended for Construction in Progress or for the purchase of a building, but, in truth and in fact, that such sums had been embezzled, stolen, obtained by fraud, and converted from SSHS.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

1

2 **FORFEITURE ALLEGATION ONE**
Conspiracy to Commit Offense Against the United States,
3 Federal Program Theft and False Document

4    1. The allegations contained in Counts 1-7 and 13 of this Superseding Criminal

5 Indictment are hereby realleged and incorporated herein by reference for the purpose of

6 alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 18 U.S.C.

7 § 982(a)(7).

8    2. Upon conviction of any of the felony offenses charged in Counts 1-7 and 13 of

9 this Superseding Criminal Indictment,

10
**DAVID RYAN LINDEN, and**
11 **RICK KIREN SAGA,**

12    defendants herein, shall forfeit to the United States of America, any property, real

13 or personal, which constitutes or is derived from proceeds traceable to a violation of 18

14 U.S.C. § 666, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(D), or 18

15 U.S.C. § 371, conspiracy to commit such offense:

16    defendants herein, shall forfeit to the United States of America, any property, real

17 or personal, which constitutes or is derived from proceeds traceable to violations of 18

18 U.S.C. §§ 666 and 1001, specified unlawful activities as defined in 18 U.S.C. §

19 1956(c)(7)(F), involving a Federal health care offense as defined in 18 U.S.C. § 24, or 18

20 U.S.C. § 371, conspiracy to commit such offenses:

21    defendants herein, shall forfeit to the United States of America, property, real or

22 personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable

23

24

to the commission of 18 U.S.C. §§ 666, 1001, and 371, involving a Federal health care

offense as defined in 18 U.S.C. § 24:

1. an in personam criminal forfeiture money judgment including, but not limited

to, at least $2,103,000;

2. 2965 S. Jones Boulevard, Las Vegas, Clark County, Nevada, APN: 163-11-704-

016, as more particularly described as:

Parcel 1:

That portion of the Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) of
Section 11, Township 21 South, Range 60 East, M.D. & M., being described as
follows:

Lots Three (3) and Four (4) as shown by map thereof in File 6 of Parcel Maps, Page
55, in the Office of the County Recorder, Clark County, Nevada.

Parcel 2:

That portion of the Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) of
Section 11, Township 21, South, Range 60 East, M.D. & M, being described as
follows:

Lot Three (3) as shown by map thereof in File 2 of Parcel Maps, Page 27, in the Office
of the County Recorder, Clark County, Nevada, and all improvements and
appurtenances thereon, APN: 163-11-704-016.

3. 7373-7375 Peak Drive, Units 130, 210, 230, Las Vegas, Nevada 89128 APNs:

138-15-310-060, 138-15-310-063, and 138-15-310-066, with all improvements

and appurtenances thereon, more particularly described as:

PARCEL 1:
AN AIRSPACE LOT LYING WITHIN PARCEL 5 OF THE LAS VEGAS
TECHNOLOGY CENTER LOCATED AT 7373 PEAK DRIVE, AS SHOWN
ON FILE 79, PAGE 58 OF RECORD OF SURVEYS, ON FILE AT THE
CLARK COUNTY NEVADA RECORDERS OFFICE, LYING WITHIN THE
NORTHEAST QUARTER (NE 1/4) OF THE SOUTHWEST QUARTER (SW
1/4) OF SECTION 15, TOWNSHIP 20 SOUTH, RANGE 60 EAST, M.D.M.,

CITY OF LAS VEGAS, CLARK COUNTY NEVADA, MORE DESCRIBED AS FOLLOWS:

COMMENCING AT THE CENTERLINE INTERSECTION OF CRIMSON CANYON DRIVE AND PEAK DRIVE AS SHOWN ON PARCELS OF SAID RECORD OF SURVEY FILE 79, PAGE 58;

THENCE ALONG THE CENTERLINE OF CRIMSON CANYON DRIVE, SOUTH 08°00'03" WEST, 341.10 FEET;

THENCE DEPARTING SAID CENTERLINE, SOUTH 81°59'57" EAST, 30.00 FEET TO THE WESTERLY RIGHT OF WAY OF CRIMSON CANYON DRIVE AND THE SOUTHWEST CORNER OF SAID PARCEL 5;

THENCE DEPARTING SAID RIGHT OF WAY AND ALONG THE SOUTH LINE OF SAID PARCEL 5, SOUTH 89°49'44" EAST, 73.34 FEET;

THENCE DEPARTING SAID SOUTH LINE, NORTH 00°10'16" EAST, 81.53 FEET TO AN ANGLE POINT OF THE INSIDE FACE OF WALL OF THE HEREIN DESCRIBED UNIT 130, LYING ON THE FIRST FLOOR OF BUILDING "A" AND THE POINT OF BEGINNING;

THENCE ALONG SAID INSIDE FACE OF WALL, SOUTH 90°00'00" WEST, 5.07 FEET;

THENCE NORTH 00°00'00" EAST, 2.92 FEET;

THENCE NORTH 82°00'00" WEST, 35.58 FEET;

THENCE NORTH 08°00'00" EAST, 9.00 FEET;

THENCE SOUTH 82°00'00" EAST, 4.00 FEET;

THENCE NORTH 08°00'00" EAST, 59.50 FEET TO THE SOUTHWEST CORNER OF UNIT 140;

THENCE ALONG SAID SOUTH LINE OF SAID 140, SOUTH 82°00'00" EAST, 37.00 FEET TO THE SOUTHEAST CORNER OF UNIT 140;

THENCE DEPARTING SAID SOUTH LINE, SOUTH 08°00'00" WEST, 70.69 FEET TO THE POINT OF BEGINNING.

DESCRIBED AREA HAS A LOWER PLANE ELEVATION 2361.50 AND AN UPPER PLANE ELEVATION OF 2371.50 AS PER CITY OF LAS VEGAS NORTH AMERICAN VERTICAL DATUM, BENCHMARK NO. 7LV0015C4 WITH A BENCHMARK ELEVATION OF 2338.63 FEET.

UNIT 130 OF BUILDING A BEING AN AIRSPACE LOT AS SHOWN AND DESCRIBED ON RECORD OF SURVEY, FILE 218, PAGE 65 OF OFFICIAL CLARK COUNTY NEVADA RECORDS.

PARCEL 2:

AN AIRSPACE LOT LYING WITHIN PARCEL 5 OF THE LAS VEGAS TECHNOLOGY CENTER LOCATED AT 7373 PEAK DRIVE, AS SHOWN ON FILE 79, PAGE 58 OF RECORD OF SURVEYS, ON FILE AT THE CLARK COUNTY NEVADA RECORDERS OFFICE, LYING WITHIN THE NORTHEAST QUARTER (NE 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF SECTION 15, TOWNSHIP 20 SOUTH, RANGE 60 EAST, M.D.M., CITY OF LAS VEGAS, CLARK COUNTY NEVADA, MORE DESCRIBED AS FOLLOWS:

COMMENCING AT THE CENTERLINE INTERSECTION OF CRIMSON CANYON DRIVE AND PEAK DRIVE AS SHOWN ON PARCEL 5 OF SAID RECORD OF SURVEY FILE 79, PAGE 58;

THENCE ALONG THE CENTERLINE OF CRIMSON CANYON DRIVE, SOUTH 08°00'03" WEST, 341.10 FEET;

THENCE DEPARTING SAID CENTERLINE, SOUTH 81°59'57" EAST, 30.00 FEET TO THE WESTERLY RIGHT OF WAY OF CRIMSON CANYON DRIVE AND THE SOUTHWEST CORNER OF SAID PARCEL 5;

THENCE DEPARTING SAID RIGHT OF WAY AND ALONG THE SOUTH LINE OF SAID PARCEL 5, SOUTH 89°49'44" EAST, 107.27 FEET;

THENCE DEPARTING SAID SOUTH LINE, NORTH 00°10'16" EAST, 90.85 FEET TO AN ANGLE POINT OF THE INSIDE FACE OF WALL OF THE HEREIN DESCRIBED UNIT 210, LYING ON THE SECOND FLOOR OF BUILDING "B" AND THE POINT OF BEGINNING;

THENCE NORTH 14°00'00" EAST, 64.17 FEET;

THENCE SOUTH 76°00'00" EAST, 8.75 FEET;

THENCE NORTH 14°00'00" EAST, 8.83 FEET;

THENCE SOUTH 76°00'00" EAST, 31.46 FEET;

THENCE SOUTH 14°00'00" WEST, 6.83 FEET;

THENCE SOUTH 76°00'00" EAST, 0.67 FEET;

THENCE SOUTH 13°40'37" WEST, 22.17 FEET;

THENCE NORTH 76°00'00" WEST, 1.00 FEET;

THENCE SOUTH 14°00'00" WEST, 1.00 FEET;

THENCE SOUTH 76°00'00" EAST, 1.00 FEET;

THENCE SOUTH 13°59'59" WEST, 44.50 FEET;

THENCE NORTH 76°00'01" WEST, 1.17 FEET;

THENCE SOUTH 14°00'00" WEST, 2.50 FEET;

THENCE NORTH 76°00'00" WEST, 34.33 FEET;

THENCE NORTH 14°00'00" EAST, 4.00 FEET;

THENCE NORTH 76°00'00" WEST, 5.50 FEET TO THE POINT OF BEGINNING.

DESCRIBED AREA HAS A LOWER PLANE ELEVATION 2375.50 AND AN UPPER PLANE ELEVATION OF 2384.50 AS PER CITY OF LAS VEGAS NORTH AMERICAN VERTICAL DATUM, BENCHMARK NO. 7LV0015C4 WITH A BENCHMARK ELEVATION OF 2338.63 FEET.

UNIT 210 OF BUILDING B BEING AN AIRSPACE LOT AS SHOWN AND DESCRIBED ON RECORD OF SURVEY, FILE 218, PAGE 65 OF OFFICIAL CLARK COUNTY NEVADA RECORDS.

PARCEL 3:

AN AIRSPACE LOT LYING WITHIN PARCEL 5 OF THE LAS VEGAS TECHNOLOGY CENTER LOCATED AT 7373 PEAK DRIVE, AS SHOWN ON FILE 79, PAGE 58 OF RECORD OF SURVEYS, ON FILE AT THE CLARK COUNTY NEVADA RECORDERS OFFICE, LYING WITHIN THE NORTHEAST QUARTER (NE 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF SECTION 15, TOWNSHIP 20 SOUTH, RANGE 60 EAST, M.D.M.,

CITY OF LAS VEGAS, CLARK COUNTY NEVADA, MORE DESCRIBED AS FOLLOWS:

COMMENCING AT THE CENTERLINE INTERSECTION OF CRIMSON CANYON DRIVE AND PEAK DRIVE AS SHOWN ON PARCEL 5 OF SAID RECORD OF SURVEY FILE 79, PAGE 58;

THENCE ALONG THE CENTERLINE OF CRIMSON CANYON DRIVE, SOUTH 08°00'03" WEST, 341.10 FEET;

THENCE DEPARTING SAID CENTERLINE, SOUTH 81°59'57" EAST, 30.00 FEET TO THE WESTERLY RIGHT OF WAY OF CRIMSON CANYON DRIVE AND THE SOUTHWEST CORNER OF SAID PARCEL 5;

THENCE DEPARTING SAID RIGHT OF WAY AND ALONG THE SOUTH LINE OF SAID PARCEL 5, SOUTH 89°49'44" EAST, 73.34 FEET;

THENCE DEPARTING SAID SOUTH LINE, NORTH 00°10'16" EAST, 81.53 FEET TO AN ANGLE POINT OF THE INSIDE FACE OF WALL OF THE HEREIN DESCRIBED UNIT 230, LYING ON THE SECOND FLOOR OF BUILDING "B" AND THE POINT OF BEGINNING;

THENCE SOUTH 90°00'00" WEST, 20.57 FEET;

THENCE NORTH 00°00'00" EAST, 1.50 FEET;

THENCE SOUTH 90°00'00" WEST, 4.50 FEET;

THENCE SOUTH 00°00'00" EAST, 1.50 FEET;

THENCE SOUTH 90°00'00" WEST, 10.00 FEET;

THENCE NORTH 00°00'00" EAST, 1.50 FEET;

THENCE SOUTH 90°00'00" WEST, 6.13 FEET;

THENCE NORTH 08°00'00" EAST, 14.98 FEET;

THENCE SOUTH 82°00'00" EAST, 1.00 FEET;

THENCE NORTH 08°00'00" EAST, 1.45 FEET;

THENCE NORTH 82°00'00" WEST, 1.00 FEET;

THENCE NORTH 08°00'00" EAST, 29.00 FEET;

THENCE SOUTH 82°00'00" EAST, 1.00 FEET;

THENCE NORTH 08°00'00" EAST, 1.00 FEET;

THENCE NORTH 82°00'00" WEST, 1.00 FEET;

THENCE NORTH 08°00'00" EAST, 29.50 FEET TO THE SOUTHWEST CORNER OF UNIT 250;

THENCE ALONG THE SOUTH LINE OF UNIT 250, SOUTH 82°00'00" EAST, 41.00 FEET TO THE SOUTHEAST CORNER OF UNIT 250;

THENCE SOUTH 08°00'00" WEST, 71.69 FEET TO THE POINT OF BEGINNING.

DESCRIBED AREA HAS A LOWER PLANE ELEVATION 2375.50 AND AN UPPER PLANE ELEVATION OF 2384.50 AS PER CITY OF LAS VEGAS NORTH AMERICAN VERTICAL DATUM, BENCHMARK NO. 7LV0015C4 WITH A BENCHMARK ELEVATION OF 2338.63 FEET.

UNIT 230 OF BUILDING A BEING AN AIRSPACE LOT AS SHOWN AND DESCRIBED ON RECORD OF SURVEY, FILE 218, PAGE 65 OF OFFICIAL CLARK COUNTY NEVADA RECORDS.

PARCEL 4:
A NON-EXCLUSIVE EASEMENT FOR PARKING, LANDSCAPING AND
INGRESS AND EGRESS AS CREATED BY THAT CERTAIN DOCUMENT
RECORDED JULY 26, 2005 IN BOOK 20050726 AS DOCUMENT NO.
00864, OFFICIAL RECORDS.
NOTE: THE ABOVE METES AND BOUNDS LEGAL DESCRIPTION
APPEARED PREVIOUSLY IN THAT CERTAIN DOCUMENT RECORDED
OCTOBER 15, 2020 IN BOOK 20201015 AS INSTRUMENT NO. 00783,
CLARK COUNTY, NEVADA.

(all of which constitutes property).

3. If any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28

U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7), as a result of any act or omission of the

defendant-

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without
        difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture

of any other property of the defendants up to the value of the property listed above and the

money judgment.

All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7);

18 U.S.C. §§ 666 and 1001; and 21 U.S.C. § 853(p).

## FORFEITURE ALLEGATION TWO
Conspiracy to Violate Sections 1956 and 1957, Money Laundering, and
Money Transaction in Criminally Derived Property

1. The allegations contained in Counts 8-12 of this Superseding Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1).

2. Upon conviction of any of the felony offenses charged in Counts 8-12 of this Superseding Criminal Indictment,

### DAVID RYAN LINDEN, and
### RICK KIREN SAGA,

defendants herein, shall forfeit to the United States of America, any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956, 1956(a)(1)(B)(i), and 1957 and 18 U.S.C. § 1956(h), or any property traceable to such property:

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1956, 1956(a)(1)(B)(i), and 1957, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1956(h), conspiracy to commit such offenses:

defendants herein, shall forfeit to the United States of America, any property, real or personal, involved in a violation of 18 U.S.C. §§ 1956, 1956(a)(1)(B)(i), and 1957 and 18 U.S.C. § 1956(h), or any property traceable to such property:

1. an in personam criminal forfeiture money judgment including, but not limited to, at least $2,103,000;

18

2. 2965 S. Jones Boulevard, Las Vegas, Clark County, Nevada, APN: 163-11-704-016, as more particularly described as set forth in Forfeiture Allegation One; and

3. 7373-7375 Peak Drive, Units 130, 210, 230, Las Vegas, Nevada 89128 APNs: 138-15-310-060, 138-15-310-063, and 138-15-310-066, with all improvements and appurtenances thereon, more particularly described as set forth in Forfeiture Allegation One

(all of which constitutes property).

3. If any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1), as a result of any act or omission of the defendants-

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the property listed above and the money judgment.

///
///
///

1     All under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. §

2  981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 18 U.S.C. §§ 1956,

3  1956(a)(1)(B)(i), and 1957; 18 U.S.C. § 1956(h); and 21 U.S.C. § 853(p).

4

5

6  **DATED**:

7

8  **A TRUE BILL:**                                      _____/S/_____

                                        FOREPERSON OF THE GRAND JURY

9  SIGAL CHATTAH
   United States Attorney

10

11  STEVEN W. MYHRE
    JUSTIN J. WASHBURNE

12  Assistant United States Attorneys

13

14

15

16

17

18

19

20

21

22

23

24