```
1   SIGAL CHATTAH
    First Assistant United States Attorney
2   District of Nevada
    Nevada Bar No. 9264
3   STEVEN W. MYHRE
    Nevada Bar No. 9635
4   SKYLER PEARSON
    Assistant United States Attorneys
5   United States Attorney's Office
    510 Las Vegas Blvd., South, Ste. 1100
6   Las Vegas, Nevada 89101
    (702) 388-6336
7   Steven.Myhre@usdoj.gov
    Attorneys for the United States
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:24-cr-00142-JAD-EJY |
| Plaintiff, | **Stipulation To Continue Trial and Proposed Order** |
| v. | |
| DAVID RYAN LINDEN and RICK KIRAN SAGA, | **(Fifth Request)** |
| Defendants. | |

The undersigned parties respectfully submit the following Stipulation and Proposed Order for the Court's consideration.

IT IS HEREBY STIPULATED AND AGREED, by and between undersigned counsel for the government and undersigned counsel for the defendants, Ryan **LINDEN** and Rick **SAGA**, that the trial date of **March 10, 2026 at 9:00 a.m.** (Calendar Call of **February 23, 2026 at 1:30 pm**), be vacated and continued to a date and time convenient to the Court, but no earlier than a trial stack commencing on or after **December 7, 2026**.

1

This Stipulation is entered into for the following reasons:

1. The original Indictment in this case was returned on June 18, 2024, charging defendant **LINDEN**. ECF No. 1. On July 9, 2024, and pursuant to Stipulation, the Court designated this case as complex and set the matter for trial to commence on January 7, 2025, excluding all intervening delay under the Speedy Trial Act (STA). ECF No. 10.

2. On October 2, 2024, and pursuant to a second Stipulation, the Court set the date for trial against defendant **LINDEN** to commence on June 17, 2025, excluding all intervening delay under the STA. ECF No. 12.

3. On May 13, 2025, the grand jury returned a Superseding Indictment, adding additional counts and joining defendant **SAGA**. ECF No. 13.

4. On May 28, 2025, and pursuant to third Stipulation, the Court set the matter for a joint trial against defendants **LINDEN** and **SAGA** to commence on **December 2, 2025**, at 9:00 am., excluding all intervening delay under the STA. ECF No. 29.

5. Discovery in this case is voluminous and includes financial/banking records from numerous commercial banks covering many months. The government has disclosed all Rule 16 and *Brady/Giglio* information to date, the last tranche of disclosures occurring on or about June 4, 2025. The government further disclosed all Jencks Act information on or about October 16, 2025.

6. On October 30, 2025, Counsel for defendant Saga represented that he required additional time to review and analyze discovery information and Jencks Act materials to evaluate potential trial strategies and defenses and generally prepare for trial. He further sought additional time to evaluate banking records and potentially retain a consulting and/or testifying expert regarding same. Accordingly, the parties filed a Fourth Stipulation to continue the trial date. ECF No. 48.

7. On November 3, 2025, the Court accepted the Fourth Stipulation and entered an Order continuing the trial date to **March 10, 2026, at 9:00** (Calendar Call of February 23, 2026), excluding all intervening delay under STA. ECF No. 49.

8. On November 24, 2025, Attorney Maningo, then-counsel for Saga, filed a Motion to Withdraw as Counsel of Record. ECF No. 50.

9. On December 8, 2025, the government filed its opposition to the Motion to Withdraw. ECF No. 52.

10. On December 16, 2025, defendant Saga filed a notice of substitution of counsel which the Court entered on Dec 17, 2025. ECF Nos. 53 and 54.

11. On December 16, 2025, the Magistrate Judge entered an Order, granting Attorney Maningo's Motion to Withdraw. ECF No. 56.

12. On December 23, 2025, the government filed its Objection to the Magistrate Judge's Order. ECF No. 57.

13. Following a hearing, and on January 13, 2026, the Magistrate Judge entered another Order granting the Motion to Withdraw (ECF No. 50) and allowing substitution of counsel (ECF No. 53). ECF No. 61.

14. Counsel for defendant Saga is presently serving on active-duty military orders, which duty requires her presence outside the District of Nevada until on or about September 30, 2026. ECF No. 59 at 6-10.

15. In light of her recent substitution as counsel of record, counsel for defendant Saga requires additional time to prepare for trial. The delay requested herein will afford counsel the additional time necessary to review voluminous discovery and to prepare for trial while accommodating her active military duty outside the District of Nevada.

16. Counsel for defendant Linden represents that he joins in defendant Saga's request for additional time to review discovery and prepare for trial.

17. In light of the Court's ruling that allowed for substitution of counsel over government objection, the government does not oppose the defendants' present request for additional time to prepare for trial provided that all delay is properly excluded under STA. The government further requests that in the event the Court vacates the present trial setting, any and all trial subpoenas already served in this matter be continued to the new date and time set for trial without further Order from the Court.

18. The additional time requested herein is not intended to create unnecessary delay but is required to afford counsel additional time necessary to prepare for trial given the volume of discovery and the complexity of the case.

19. The parties agree that all delay resulting from the continuance of this matter, to include all time from the date of entry of this Order to the date and time of the continued trial setting, is excluded from the computation of time by which trial must commence under the STA by virtue of Title 18, United States Code, Section 3161(h)(7)(A), the ends of justice outweighing the interests of the public and the defendant in a speedy trial when considering the factors under Title 18, United States Code, Sections 3161(h)(7)(B)(i) through (iv).

20. Defendants Linden and Saga are not in custody and both have been informed of, and agree to, this continuance request.

21. This is the Fifth request for continuance in this case.

**WHEREFORE**, the parties respectfully request that the Court accept this Stipulation and enter an Order vacating the present trial setting of **March 10, 2026,** and Calendar Call of **February 23, 2026**, and continuing the trial of this matter to a date and time convenient to the Court but no earlier than the trial stack commencing on or after **December 7, 2026.**

**DATED** this 19th day of February 2026.

Respectfully submitted,

| | |
|---|---|
| SIGAL CHATTAH<br>First Assistant United States Attorney | WRIGHT MARSH & LEVY |
| /s/ *Steven W. Myhre*<br>_____<br>STEVEN W. MYHRE<br>Assistant United States Attorney<br>*Attorneys for the United States* | /s/ *Russell E. Marsh*<br>_____<br>RUSSELL E. MARSH<br>Counsel for David Ryan LINDEN |
| | /s/ *Aniela K. Szymanski*<br>_____<br>ANIELA K. SZYMANSKI<br>Counsel for Rick SAGA |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID RYAN LINDEN, and<br>RICK KIRIN SAGA<br><br>Defendants. | 2:24-cr-00142-JAD-EJY<br><br>**ORDER** |

This matter coming on the parties' Stipulation to Continue Trial, the Court having considered the premises therein, and for good cause shown, the Court accepts the Stipulation and **FINDS** as follows.

1. Trial of this matter is presently set to commence on **March 10, 2026**, with Calendar Call set for **February 23, 2026**.

2. The Court accepts the Stipulation of the parties and adopts the facts recounted therein as findings of fact for this Order.

3. Counsel for the defendants require additional time to prepare for trial in light of the complex nature of the case and the volume of the government's disclosures.

4. The parties agree that all delay resulting from a continuance of this matter is excluded from the computation of time by which trial must commence under the Speedy Trial Act by virtue of Title 18, United States Code, Section 3161(h)(7)(A), the ends of justice

outweighing the interests of the public and the defendant in a speedy trial when considering the factors under Title 18, United States Code, Sections 3161(h)(7)(B)(i) through (iv).

5. The defendants are not in custody and agree to the continuance.

**IT IS THEREFORE ORDERED:**

1. The present trial date of **March 10, 2026 at 9:00 a.m.,** and calendar call of **February 23, 2026, at 1:30 p.m**., shall be and are **VACATED** and **CONTINUED;**

2. The trial of this matter will commence on _____, 2026, at \_\_\_\_ **a.m.** with Calendar Call on _____, **2026, at** _____**,** in Courtroom 6D, Lloyd D. George Federal Courthouse, Las Vegas, Nevada**;**

3. All and all delay from the date of entry of this Order to the date and time set for trial above shall be, and is, excluded from the computation of time by which trial must commence under the Speedy Trial Act by virtue of Title 18, United States Code, Section 3161(h)(7)(A), the ends of justice outweighing the public's and the defendant's interest in a speedy trial when considering the factors set forth at Title 18, United States Code, Sections 3161(h)(7)(B)(i) through (iv).

4. Any and all trial subpoenas duly issued and served as of the date of this Order are continued to the date, time and place set for trial above.

**IT IS SO ORDERED** this \_\_\_\_ day of February 2026.

_____
HON. JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE