✓ FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD
OCT 06 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICK KIRAN SAGA,

Defendant.

Case No. 2:24-cr-00142-JAD-EJY

**BRIEF OF AMICUS CURIAE DR. SURAJIT KHANNA REGARDING APPARENT DOJ CONFLICT, NONDISCLOSURE, PRESERVATION OF EVIDENCE, AND INDEPENDENT CONFLICT/TAINT INQUIRY**

## INTRODUCTION

Dr. Surajit Khanna submits this brief solely in his individual capacity as amicus curiae and not as counsel for Defendant Rick Kiran Saga or any other person. **It is my belief that Rick and his family's lives may be in danger.**

This case presents an extraordinary and fundamental conflict-of-interest question that warrants immediate judicial inquiry.

**Lt. Col. Aniela Szymanski, Esq., while serving the Department of Justice in Memphis, Tennessee, undertook and continued the defense representation of Rick Kiran Saga in a federal criminal prosecution brought by the United States. Public federal court records subsequently identify Szymanski as a DOJ-USAO attorney representing the United States while she remained counsel of record for Saga.**

The significance of that circumstance goes directly to the Sixth Amendment. A federal criminal defendant is entitled to effective and conflict-free assistance of counsel. Relevant Supreme Court authorities include *Cuyler v. Sullivan*, 446 U.S. 335 (1980), and *Mickens v. Taylor*, 535 U.S. 162 (2002). Those decisions underscore the constitutional importance of determining whether an actual conflict existed and whether that conflict adversely affected counsel's representation.

Here, the Department of Justice is the Executive Department responsible for prosecuting Saga, while the public record reflects that Saga's defense attorney also served DOJ and appeared in federal proceedings on behalf of the United States. The Court should therefore determine whether those professional obligations overlapped, when the overlap began, whether it created an actual conflict, and whether that conflict adversely affected Szymanski's representation of Saga.

Equally important is whether the conflict was ever disclosed. **A defendant cannot knowingly and intelligently evaluate or waive a conflict that was never disclosed to him.** The Court should determine what Szymanski disclosed to Saga; whether Saga knew she was serving DOJ; whether the nature and consequences of that relationship were explained to him; whether he ever provided

informed consent; and whether any legally sufficient waiver occurred.

The Court should separately determine what was disclosed to the Court and what the prosecution knew. On January 11, 2026, Szymanski filed ECF No. 59 as Saga's defense counsel and represented that she was serving pursuant to active-duty military orders. The attached orders were redacted, but paragraph 29 visibly referenced travel to the **Department of Justice in Memphis**. The filing did not explain the nature of that DOJ assignment, the duties Szymanski was performing there, the dates of her DOJ service, or the potential conflict created by simultaneously representing a defendant prosecuted by the United States.

Public federal court records thereafter identify Szymanski as **DOJ-USAO**, using a Department of Justice email address and representing the United States beginning January 22, 2026. Other public records document subsequent DOJ-USAO assignments, including her appearance as DOJ-USAO lead counsel for the United States in *United States v. Shanks*, No. 2:26-cr-20298-TLP (W.D. Tenn.), beginning July 28, 2026. During this period, District of Nevada filings continued to identify Szymanski as Saga's defense counsel.

The apparent dual status also presents a separate statutory question. Subject to its terms, qualifications, and exceptions, **18 U.S.C. § 205(a)(2)** generally restricts a federal officer or employee, outside the proper discharge of official duties, from acting as attorney or agent for another person before a federal court in a covered matter in which the United States is a party or has a direct and substantial interest. Amicus does not ask the Court to conclude from the existing record that § 205 was violated. Rather, the statute provides an additional reason to determine Szymanski's exact employment status, appointment, duties, dates of service, authorization, and whether any applicable exception, ethics approval, screening arrangement, or other authorization existed.

The threshold questions are therefore concrete and consequential: **When did Szymanski begin serving DOJ in Memphis? When did she agree to represent Saga? Did those roles overlap from the inception of her representation? What duties did she perform for DOJ? What did she disclose to Saga? What did she disclose to this Court? Did Saga knowingly and intelligently waive the conflict? What did the prosecution know and when did it know it? Was the representation authorized or screened within DOJ? Did anyone knowingly withhold material information or make a materially false or misleading representation concerning the circumstances? And did any confidential defense information enter, become accessible through, or become used within governmental channels?**

Amicus does not ask the Court to answer those questions by inference. Nor does amicus ask the Court to presume that Szymanski transmitted privileged information, that prosecutors received such information, or that any attorney intentionally misled the Court.

**Amicus asks the Court to preserve the evidence and determine the facts.**

If Szymanski was already serving as a DOJ attorney when she accepted Saga's defense, that fact would materially sharpen the constitutional inquiry. If her DOJ service began afterward, the Court must determine when the conflict arose, whether it was disclosed, and how it was addressed. Under either chronology, the documented overlap warrants a neutral, conflict-free inquiry before the Court determines what further remedy, if any, is appropriate.

## I. INTEREST AND ROLE OF AMICUS CURIAE

Amicus is not a party and seeks no personal relief. His purpose is to bring to the Court's attention a documented overlap between Defendant's representation and public records reflecting defense counsel's DOJ/USAO service, and to request procedures capable of determining the significance of that overlap through evidence rather than assumption.

No counsel for any party authored this brief in whole or in part, and no party or party's counsel funded its preparation or submission. To the extent the Court requires additional disclosure concerning its preparation, amicus will provide it.

## II. THE PUBLIC RECORD ESTABLISHES A SUBSTANTIAL THRESHOLD QUESTION REQUIRING JUDICIAL INQUIRY

The presently available record establishes at least the following chronology. First, on December 23, 2025, the Government objected to orders concerning withdrawal and substitution of defense counsel and requested further judicial inquiry regarding the substitution. Exhibit A. That filing does not establish whether the Government then knew of, evaluated, or screened any DOJ-service issue concerning incoming counsel.

Second, on January 11, 2026, Szymanski filed ECF No. 59 as counsel for Saga and stated that she was serving on active-duty military orders. Exhibit B. The attached orders contain redactions. Paragraph 29 nevertheless visibly references travel to the **Department of Justice in Memphis**. The filing did not disclose the nature of that DOJ-related assignment, its beginning or ending dates, Szymanski's duties, whether the assignment involved employment or service within DOJ or a United States Attorney's Office, whether a conflict analysis had occurred, or whether DOJ had authorized or screened her continuing representation of a federal criminal defendant.

Third, public federal docket records in *Hennings v. United States*, No. 1:25-cv-01299-STA-jay (W.D. Tenn.), identify Szymanski as **DOJ-USAO**, provide a usdoj.gov email address, and record an assignment beginning January 22, 2026 and terminating February 20, 2026 in which she represented the United States. Exhibit C. Additional public docket records identify later DOJ-USAO assignments. Exhibit G.

Fourth, District of Nevada filings continued to identify Szymanski as Saga's counsel during and after those federal assignments. ECF No. 62 was filed February 19, 2026; ECF No. 64 was filed February 26, 2026; and ECF No. 72, filed August 19, 2026, again bears her appearance for Saga. Exhibits D-F.

Fifth, a separate federal criminal docket, *United States v. Shanks*, No. 2:26-cr-20298-TLP (W.D. Tenn.), identifies Szymanski as DOJ-USAO lead counsel representing the United States beginning July 28, 2026. Exhibit H.

Taken together, these records establish a documented temporal overlap requiring the Court to determine the nature and consequences of counsel's dual roles. They do not, standing alone, establish that Szymanski participated in Saga's prosecution, transmitted Saga's privileged information, or intentionally misled the Court. Nor do they establish what prosecutors in Nevada knew and when. Those unresolved questions are precisely why an independent inquiry is necessary.

## III. THE SIXTH AMENDMENT REQUIRES SERIOUS EXAMINATION OF THE APPARENT CONFLICT AND ANY PURPORTED WAIVER

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. That guarantee encompasses counsel's duty of undivided loyalty. *Cuyler v. Sullivan*, 446 U.S. 335 (1980), recognizes that an actual conflict adversely affecting representation implicates the Sixth Amendment. *Mickens v. Taylor*, 535 U.S. 162 (2002), confirms that a theoretical or potential conflict alone does not establish the ultimate constitutional violation; the inquiry is fact-dependent and requires examination of the conflict's actual effect on representation.

If Szymanski was simultaneously serving as a DOJ attorney or employee and as defense counsel for Saga, the Court should determine whether those roles created inconsistent professional obligations and whether the conflict affected decisions made - or not made - in Saga's defense, including counsel's willingness or ability to challenge DOJ personnel, prosecutors, investigative agencies, prosecutorial conduct, discovery practices, governmental witnesses, or potential governmental misconduct.

The Court should also determine whether Saga knew of Szymanski's DOJ status, understood the nature and potential consequences of the conflict, and provided any legally effective informed consent or waiver; and what information was provided to this Court regarding counsel's DOJ relationship.

## IV. 18 U.S.C. § 205 PRESENTS AN ADDITIONAL QUESTION THAT SHOULD BE RESOLVED THROUGH FACTFINDING

Subject to its terms and exceptions, 18 U.S.C. § 205(a)(2) restricts an officer or employee of the United States, outside the proper discharge of official duties, from acting as attorney or agent for another person before a federal court in connection with a covered matter in which the United States is a party or possesses a direct and substantial interest. This criminal case names the United States of America as Plaintiff.

Amicus does not ask this Court to conclude on the existing record that § 205 was violated. Whether the statute applied depends upon Szymanski's exact federal status, the nature of her appointment, the duration and scope of her duties, whether an exception applied, and whether any required authorization existed. Relevant records should include federal appointment and employment records, military

activation or assignment records, DOJ ethics advice, outside-employment approvals, conflict checks, screening memoranda, recusals or waivers, and any analysis conducted under 18 U.S.C. § 205.

## V. THE COURT SHOULD DETERMINE WHAT THE GOVERNMENT KNEW, WHEN IT KNEW IT, AND WHAT WAS DISCLOSED TO THE COURT

A separate issue arises if Government attorneys knew that Saga's defense counsel was simultaneously serving DOJ. The existing public record does not establish precisely what any particular prosecutor knew or when. That information should not be inferred merely because Szymanski and Government counsel were affiliated with DOJ. But it should be determined.

The Court should establish when the prosecution first learned of Szymanski's DOJ relationship; what it understood about her employment or assignment; whether the matter was reported to DOJ ethics personnel or supervisors; whether screening was implemented; whether prosecutors understood that she continued to represent Saga; whether the circumstances were disclosed to Defendant or the Court; and whether any attorney made an affirmative representation inconsistent with the actual facts.

There is an important distinction between silence, incomplete disclosure, a misleading statement, and a knowingly false representation. The Court - not inference - should determine which, if any, occurred.

## VI. THE COURT SHOULD DETERMINE WHETHER PRIVILEGED DEFENSE INFORMATION ENTERED GOVERNMENTAL CHANNELS

*Weatherford v. Bursey*, 429 U.S. 545 (1977), establishes that governmental contact with the defense side does not automatically constitute a Sixth Amendment violation. The relevant inquiry includes whether confidential defense information was communicated to the prosecution, whether the Government used such information, and whether prejudice resulted.

The Ninth Circuit's decision in *United States v. Danielson*, 325 F.3d 1054 (9th Cir. 2003), is particularly instructive where the Government obtains privileged trial-strategy information. The Court should determine what Saga-related information Szymanski possessed and whether any such material was transmitted, stored, synchronized, uploaded, accessed, discussed, or otherwise made available through DOJ or other federal systems.

If the predicate facts necessary to trigger *Danielson* are established, the Court can then determine the appropriate burden and procedure for addressing direct or derivative use.

## VII. PRESERVATION SHOULD OCCUR BEFORE RELEVANT ELECTRONIC AND ADMINISTRATIVE RECORDS ARE LOST

Preservation is the least intrusive immediate remedy and does not require the Court to determine that misconduct occurred. Relevant evidence may exist in DOJ employment and appointment records; military activation and assignment records, including unredacted versions of the orders submitted with ECF No. 59; DOJ ethics opinions and communications; outside-employment approvals; conflict

checks; screening memoranda; recusals and waivers; any § 205 analysis; communications concerning Saga; email and messaging records; access logs; case-management records; and document-storage and access records.

Preservation determines nothing concerning admissibility, privilege, wrongdoing, or remedy. It simply protects the Court's ability to determine the truth.

## VIII. ANY FACTFINDING PROCEDURE SHOULD BE GENUINELY INDEPENDENT AND CONFLICT-FREE

Because the inquiry may concern DOJ employees, DOJ systems, prosecutorial knowledge, and potential access to defense information, the persons whose conduct or knowledge is at issue should not be the sole custodians, collectors, or reviewers of the relevant evidence.

Depending upon the Court's assessment of the threshold showing, available procedures may include declarations under oath, in camera submissions, limited discovery, an evidentiary hearing, appointment of a neutral special master, use of a genuinely screened review team, or another conflict-free mechanism. Saga should also receive advice from counsel independent of the disputed DOJ relationship concerning the inquiry, privilege issues, and any proposed waiver.

## IX. REMEDY SHOULD FOLLOW THE FACTS

Amicus does not presently ask the Court to select a final constitutional remedy before determining what occurred. *United States v. Morrison*, 449 U.S. 361 (1981), teaches that remedies for Sixth Amendment violations should be tailored to the injury established.

Depending upon the evidence ultimately developed, the Court may determine that no constitutional injury occurred. Alternatively, the evidence could support disqualification, suppression or exclusion of directly or derivatively obtained information, sanctions where legally authorized, referral to an appropriate disciplinary or professional-responsibility authority, or other relief necessary to cure a demonstrated constitutional injury.

## X. REQUESTED DISPOSITION

Amicus respectfully requests that the Court consider orders necessary to preserve relevant records; determine the exact dates and nature of Szymanski's DOJ/USAO service; determine disclosure to Saga and the Court and any purported waiver; establish Government knowledge; determine whether § 205 or other conflict rules were evaluated; determine whether any materially false or misleading representation was made; determine whether confidential defense information entered governmental systems or was used; provide Saga independent conflict-free advice; employ neutral factfinding if warranted; and reserve any suppression, disqualification, dismissal, sanctions, referral, or other merits remedy until the factual record is developed.

## XI. CONCLUSION

The public record raises a substantial question whether an attorney defending Rick Kiran Saga against prosecution by the United States was simultaneously serving the Department of Justice - the Executive Department responsible for that prosecution - and whether that circumstance was disclosed to Saga and to this Court.

If the overlap was authorized, screened, disclosed, and harmless, an independent record can establish that. If it was not, the Court must know that as well. The present record does not justify a finding of intentional misconduct merely by inference, but it provides more than sufficient reason to **preserve the evidence and determine the facts**.

Amicus respectfully requests that the Court order preservation and employ a neutral, conflict-free procedure sufficient to determine the nature and consequences of the apparent DOJ-defense overlap before deciding what further relief, if any, is warranted.

DATED: October 5th, 2026

Respectfully submitted,

**Dr. Surajit Khanna**
Amicus Curiae
2500 Coney Island Ave.
Brooklyn, NY 11223

**CERTIFICATE OF SERVICE**

I certify that on October 6th, 2026, I served a true and correct copy of the foregoing Brief of Amicus Curiae and accompanying materials on counsel of record for the United States and Defendant Rick Kiran Saga by a method permitted by the Federal Rules of Criminal Procedure and the Court's filing procedures.

Dr. Surajit Khanna

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RYAN LINDEN and<br>RICK KIRAN SAGA,<br><br>Defendants. | Case No. 2:24-cr-00142-JAD-EJY |

# EXHIBIT A

**ECF No. 57 - Government's Objection to Orders Concerning Withdrawal and Substitution of Counsel**

**Relevance:** Government filing dated December 23, 2025 addressing the withdrawal/substitution of counsel. Per the requested exhibit format, only the first page of this ECF filing is reproduced after the cover page.

Submitted in support of the Brief of Amicus Curiae Dr. Surajit Khanna.

TODD BLANCHE
Deputy Attorney General of the United States
Nevada Bar No. 5634
STEVEN W. MYHRE
Nevada Bar No. 9635
SKYLER PEARSON
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336
Steven.Myhre@usdoj.gov
Skyler.Pearson@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICK KIRAN SAGA,

Defendant.

Case No. 2:24-cr-00142-JAD-EJY

**Government's Objection to Orders Granting Motion to Withdraw as Counsel of Record and Substitution of Counsel [ECF Nos. 54 and 56]**

**Certification: This Objection is timely filed.**

The government objects to the Orders (ECF Nos. 54 and 56) addressing the original Withdrawal Motion (ECF No. 50) and the appointment of substitute counsel (ECF No. 53) as clearly erroneous because: (1) the record fails to establish good cause for withdrawal and substitution of counsel; and (2) withdrawal and substitution is untimely when considering the pending trial date. The record in this case shows no inquiry into cause for withdrawal or for the allowance of substitution and does not establish timeliness or an irreconcilable

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RYAN LINDEN and<br>RICK KIRAN SAGA,<br><br>Defendants. | Case No. 2:24-cr-00142-JAD-EJY |

# EXHIBIT B

**ECF No. 59 - Emergency Motion to Continue, Declaration of Aniela K. Szymanski, and Attached Military Orders**

**Relevance:** Filed January 11, 2026. The filing identifies Szymanski as counsel for Rick Kiran Saga; her declaration states that she was serving on active duty; and the attached orders include paragraph 29 referencing the Department of Justice in Memphis. The complete ECF No. 59 is reproduced.

Submitted in support of the Brief of Amicus Curiae Dr. Surajit Khanna.

Aniela K. Szymanski, Esq.
Nevada Bar No. 15822
3765 E. Sunset Rd. B9
Las Vegas NV 89120
702-899-8180
aniela@anielalaw.com
*Attorney for Defendant, Rick Kiran Saga*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>RICK KIRAN SAGA,<br>Defendant. | Case No.: 2:24-CR-00142-JAD-EJY |

**EMERGENCY MOTION TO CONTINUE**

**OR, IN THE ALTERNATIVE, TO PERMIT TELEPHONIC APPEARANCE**

Defendant Rick Kiran Saga, by and through undersigned counsel Aniela K. Szymanski, Esq., respectfully moves this Court on an emergency basis for a continuance of the hearing currently set for January 13, 2026, on Defendant's Motion to Substitute Counsel. In the alternative, Defendant requests that the Court permit undersigned counsel to appear telephonically at the January 13, 2026 hearing. This Motion is made pursuant to the Court's inherent authority to manage its docket and upon a showing of good cause. *See United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985).

**EMERGENCY NATURE OF THE MOTION**

This Motion is filed on an emergency basis because the hearing is scheduled for January 13, 2026, and undersigned counsel became definitively unavailable for in-person appearance

only upon the denial of military leave on January 9, 2026. The timing of the denial was outside counsel's control, and immediate relief is necessary to avoid prejudice to Defendant and to permit orderly resolution of the pending substitution-of-counsel issue.

Absent emergency relief, Defendant will be forced to proceed on a critical representation issue without his chosen counsel's participation, through no fault of Defendant or counsel.

## I. BACKGROUND

Defendant previously moved to substitute his counsel, seeking to replace Lance Maningo with Aniela K. Szymanski as counsel of record. The Government filed an opposition, and the Court scheduled a hearing on the motion for January 13, 2026, ordering all parties and counsel to appear in person.

Subsequent to the scheduling of the hearing, undersigned counsel was ordered to active duty with the United States Marine Corps. Counsel promptly and diligently requested military leave in order to appear at the January 13, 2026 hearing. However, on January 9, 2026, counsel's request for leave was denied, rendering her unable to comply with the Court's in-person appearance order.

## II. GOOD CAUSE EXISTS FOR A CONTINUANCE OR TELEPHONIC APPEARANCE

Good cause exists to continue the hearing. Counsel's inability to attend is the result of compulsory military service, not delay or neglect. The requested continuance is narrow in scope and seeks to reset the hearing to a date on or after February 18, 2026, allowing sufficient advance notice to request military leave.

Granting the continuance will not prejudice the Government. There is no indication that this case was prepared to proceed to trial in March 2026. As conceded by the government in its

Opposition, Mr. Saga has the right to be represented by the counsel of his choosing. Here, Mr. Saga has chosen to NOT be represented by Mr. Maningo and has, instead, stated he wishes to be represented by Ms. Szymanski. The initial discovery provided by the government to Mr. Maningo was over one terabyte of data. No attorney, regardless of whether there were delays due to military duties or not, could review that amount of data and be prepared for a jury trial in two months. Regardless of her military duties, therefore, Ms. Szymanski would have required a continuance to prepare for trial. This would be true whether it was the Federal Public Defender substituting in for Mr. Saga's counsel, or any other attorney.

Denying the continuance would materially prejudice Defendant's right to be represented by counsel of his choosing, to prepare for his defense, and would penalize counsel for fulfilling military obligations.

In the alternative, should the Court determine that a continuance is not warranted, Defendant respectfully requests that undersigned counsel be permitted to appear telephonically at the January 13, 2026 hearing.

Allowing a telephonic appearance would:

- Fully preserve the Court's ability to hear argument;
- Avoid delay of the proceedings;
- Eliminate prejudice to the Government; and
- Accommodate counsel's unavoidable military obligations.

The hearing at issue is procedural in nature and does not involve witness testimony or evidentiary presentation. Telephonic participation would therefore be sufficient to address the matters before the Court while ensuring Defendant's right to counsel of choice is not impaired.

## III. MILITARY SERVICE CONSIDERATIONS

Undersigned counsel's active-duty status further implicates the policy considerations underlying the Servicemembers Civil Relief Act, 50 U.S.C. § 3931 *et seq.*, which reflects Congress's intent that military service should not unduly interfere with participation in legal proceedings. While counsel does not invoke the Act as a technical bar, these considerations further support either a brief continuance or, alternatively, permission to appear telephonically.

**IV. DECLARATION IN SUPPORT**

This Motion is supported by the attached Declaration of Aniela K. Szymanski, which sets forth the relevant facts regarding her active-duty status and denied leave request.

**V. RELIEF REQUESTED**

WHEREFORE, Defendant respectfully requests that the Court:

1. Continue the January 13, 2026 hearing to a date on or after February 18, 2026; or, in the alternative,
2. Permit undersigned counsel to appear telephonically at the January 13, 2026 hearing; and
3. Grant such other and further relief as the Court deems just and proper.

DATED this 10th day of January, 2026.

Respectfully submitted,

Aniela K Szymanski
Aniela K. Szymanski, Esq.
3765 E. Sunset Rd. B9
Las Vegas NV 89120
702-899-8180
*Attorney for Defendant, Rick Kiran Saga*

**DECLARATION OF ANIELA K. SZYMANSKI, ESQ.**

I, Aniela K. Szymanski, declare as follows:

1. I am an attorney licensed to practice law in the State of Nevada and am counsel for Defendant Rick Kiran Saga in this matter.
2. I am currently serving on active duty with the United States Marine Corps pursuant to military orders.
3. After the Court scheduled the hearing for January 13, 2026, I promptly requested military leave to attend the hearing in person.
4. On January 9, 2026, my command denied my request for leave.
5. Due to my active-duty obligations, I am unable to appear in person at the January 13, 2026 hearing.
6. If a continuance is not granted, I am able and prepared to appear telephonically at the January 13, 2026 hearing and to fully participate in argument.
7. A hearing date on or after February 18, 2026 would allow sufficient advance notice to request military leave.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 10th day of January, 2026.

Aniela K Szymanski
Aniela K. Szymanski, Esq.

ORIGINAL

1320
MROWS/2960103/0/INV

FROM: JUDGE ADVOCATE (JA) DIV HQMC
TO: LIEUTENANT COLONEL ANIELA K SZYMANSKI
[redacted]/4402/0530/1730 USMC
PRIMARY RESIDENCE ADDRESS
[redacted]

SUBJ: ORDERED TO ACTIVATION-PARTIAL MOBILIZATION; CASE OF LIEUTENANT COLONEL ANIELA K SZYMANSKI [redacted]/4402 USMC

1. YOU HAVE BEEN INVOLUNTARILY ORDERED TO ACTIVE DUTY FROM YOUR RESIDENCE IN SUPPORT OF THE NATIONAL EMERGENCY DECLARED UNDER PRESIDENTIAL PROCLAMATION AND AS PRESCRIBED IN EXECUTIVE ORDER 10886. UNDER THE PROVISIONS OF TITLE 38, UNITED STATES CODE, SECTION 4312(C)(4)(A) AND (B) THIS PERIOD OF ACTIVE DUTY IS EXEMPT FROM THE FIVE-YEAR CUMULATIVE SERVICE LIMITATION ON REEMPLOYMENT RIGHTS UNDER TITLE 38, UNITED STATES CODE, CHAPTER 43. YOUR PERIOD OF ACTIVE DUTY IS PURSUANT TO U.S. CODE, TITLE 10, SECTION 12302 (CRISIS CODE: Y64 AND UNIQUE ID: Y64) (ACTIVATION STATUS CODE ZM). YOU ARE ASSIGNED TO ACTIVATION, IN SUPPORT OF 595 - TITUS SOUTHERN BORDER OPERATIONS, ON SUCH A DATE THAT WILL ENABLE YOU TO REPORT TO THE [redacted] MCO P1001R.1 MCRAMM). YOU ARE A MEMBER OF RESERVE RUC: 88600, COMPANY CODE: C AND PLATOON CODE: QARX. WHILE PERFORMING DUTY UNDER THESE ORDERS, YOU ARE SUBJECT TO THE UNIFORM CODE OF MILITARY JUSTICE (UCMJ)(MCO P1001R.1 MCRAMM). YOUR INDIVIDUAL AUGMENTEE REQUIREMENT TRACKING NUMBER IS 316382.

2. THE PLACE FROM WHICH YOU ARE ORDERED TO SUBJECT DUTY IS INDICATED AFTER YOUR NAME. UPON COMPLETION OF SUBJECT DUTY, WITH THE EXCEPTION OF BACK TO BACK ORDERS, YOU WILL RETURN TO THE ADDRESS INDICATED AFTER YOUR NAME AND UPON ARRIVAL YOU WILL STAND RELEASED FROM SUBJECT DUTY. (JTR) FOR BACK TO BACK ORDERS, UPON COMPLETION OF THE FINAL SET OF ORDERS, YOU WILL RETURN TO THE ADDRESS INDICATED AFTER YOUR NAME AND UPON ARRIVAL, YOU WILL STAND RELEASED FROM DUTY. YOU MAY ELECT TRAVEL TO OR FROM AN ALTERNATE LOCATION, REIMBURSEMENT WILL BE LIMITED TO THE LESSER OF THE ACTUAL DISTANCE TRAVELED TO THE LOCATION OR THE DISTANCE FROM THE PLACE OF DUTY TO YOUR PRA/PLEAD. (JTR)

3. IN ACCORDANCE WITH 12731 OF TITLE 10, ACTIVE DUTY SERVICE UNDER THESE ORDERS CONTRIBUTES TO THE REDUCTION OF THE ELIGIBILITY AGE FOR RECEIPT OF RETIRED PAY AS CALCULATED PER DODI 1215.07.

4. THIS PERIOD OF UNIFORMED SERVICE IS ORDERED UNDER 10 U.S.C. SECTION 12302. THEREFORE, THE SERVICE IS EXEMPT UNDER USERRA'S FIVE-YEAR SERVICE LIMITATION (38 U.S.C. SECTION 4312(C)).

5. APPROPRIATION FOR THE PERIOD OF 01 JAN 2026 - 30 SEP 2026 (273 DAYS) IS:
P/A: ADTC: D3 PAYGROUP: 010 COMPONENT CODE: KM P/A NUMBER: C60D3F
EST COST: $[redacted]
PER DIEM AND TRAVEL:
THESE ORDERS MEET THE REQUIREMENT TO HAVE ALL TRAVEL AND PER DIEM EXECUTED VIA DTS (HTTP://WWW.DEFENSETRAVEL.OSD.MIL)
AND REQUIRE PROCESSING VIA DTS. REIMBURSEMENT FOR PER DIEM AND TRAVEL COST WILL BE SETTLED THROUGH DTS.

6. IAW CHAPTER 2 OF THE JTR, ALL DOD TRAVELERS MUST USE INTEGRATED LODGING PROGRAM PILOT (ILPP) LODGING ESTABLISHMENTS IF AVAILABLE. ILPP COMMERCIAL LODGING ESTABLISHMENTS PROVIDE THE ABILITY TO BOOK GOVERNMENT AND PRIVATIZED

ORIGINAL

1320
MROWS/2960103/0/INV

SUBJ: ORDERED TO ACTIVATION-PARTIAL MOBILIZATION; CASE OF LIEUTENANT COLONEL ANIELA K SZYMANSKI [redacted]/4402 USMC

(PUBLIC-PRIVATE VENTURE) LODGING PROPERTIES THROUGH THE DEFENSE TRAVEL SYSTEM (DTS). THE JTR REQUIRES TRAVELERS EXECUTING TAD TO AN ILPP SITE TO USE GOVERNMENT (DOD) LODGING, PRIVATIZED LODGING OR DOD PREFERRED COMMERCIAL LODGING BEFORE ANY OTHER LODGING OPTIONS. WHEN EXECUTING TRAVEL OUTSIDE OF DTS, YOU MUST CONTACT YOUR SUPPORTING TMC AT 1-844-496-8400 TO MAKE LODGING RESERVATIONS. IF YOU DECLINE AVAILABLE DOD, PRIVATIZED, OR DOD PREFERRED COMMERCIAL LODGING, YOUR LODGING REIMBURSEMENT WILL BE LIMITED TO THE AMOUNT THE GOVERNMENT WOULD HAVE PAID IF USED.

7. ENSURE A COPY OF THE DTS TRAVEL VOUCHER IS PROVIDED TO YOUR ADMINISTRATIVE SUPPORT SECTION FOR PROPER PAYMENT PROCESSING.

8. MEMBER MAY BE ENTITLED TO COMBAT TAX EXCLUSION (CZTE) FROM FEDERAL INCOME TAX PAYMENT FOR PERIODS OF SERVICE IN A COMBAT ZONE. ENSURE DATES WITHIN COMBAT AREA FROM AND TO ARE INCLUDED IN AN ENDORSEMENT TO THESE ORDERS. REVIEW CURRENT PAAN(S) OR LISTING OF CZTE AREAS AND ENSURE THE CZTE IS ESTABLISHED IN MEMBERS MCTFS 604 REMARKS. MEMBER MAY BE ENTITLED TO SPECIAL PAY DURING THIS PERIOD OF DUTY. (MCTFSPRIUM)

9. MEMBERS ON DUTY FOR 31 DAYS OR MORE MAY BE ENTITLED TO FAMILY SEPARATIONS ALLOWANCE (FSA) (DODFMR VOL 7A AND MCTFSPRIUM)

10. VARIATION IN ITINERARY IS AUTHORIZED (MCO P1000.6 - ACTS MANUAL ).

11. YOU HAVE BEEN IDENTIFIED AS NOT BEING A GOVERNMENT TRAVEL CHARGE CARD (GTCC) HOLDER. DOD POLICY MANDATES THE USE OF THE GTCC BY DOD PERSONNEL TO PAY FOR ALL COSTS INCIDENTAL TO OFFICIAL BUSINESS TRAVEL UNLESS SPECIFICALLY EXEMPTED BY AUTHORITY OF THE ADMINISTRATOR OF GENERAL SERVICES OR THE HEAD OF THE AGENCY. YOU ARE REQUIRED TO IMMEDIATELY APPLY FOR A GTCC. YOU MAY OBTAIN AN ADVANCE FROM YOUR SUPPORTING DISBURSING/FINANCE OFFICE IF YOU ARE DENIED A GTCC BY THE CONTRACTING AGENCY .

12. IF YOU ARE NOT IN THE BLENDED RETIREMENT SYSTEM YOUR TSP ELECTION(S) WILL TERMINATE UPON TRANSFER TO AN ACTIVE DUTY STATUS. TO START YOUR TSP ELECTION(S) WHILE IN AN ACTIVE DUTY STATUS, VISIT MYPAY (HTTPS://MYPAY.DFAS.MIL/MYPAY.ASPX). YOU MUST REPEAT THE SAME ACTION WHEN YOU RESUME YOUR RESERVE DUTY.

13. PHYSICAL OR MENTAL INJURY OR ILLNESS THAT WOULD PROHIBIT, HAMPER OR PRECLUDE THE EXECUTION OF THESE ORDERS MUST BE REPORTED TO THE MEDICAL DEPARTMENT REPRESENTATIVE FOR DETERMINATION OF PHYSICAL OR MENTAL QUALIFICATION PRIOR TO EXECUTION. NOTE: IF YOU DO NOT MEET THE MARINE CORPS STANDARDS YOU ARE DIRECTED TO RETURN THESE ORDERS TO YOUR ADMINISTRATIVE PARENT COMMAND UNEXECUTED.

14. IF YOU ARE AFFILIATED WITH A RESERVE MILITARY UNIT, YOU ARE REQUIRED TO OBTAIN AN ANNUAL PERIODIC HEALTH ASSESSMENT AND UPDATE YOUR PHYSICAL EXAMINATION EVERY TWO YEARS. YOUR LAST PHYSICAL EXAM WAS COMPLETED ON 23 APR 2015 AND YOUR LAST PERIODIC HEALTH ASSESSMENT WAS COMPLETED ON 12 JUL 2023. IF YOUR PHYSICAL HAS EXPIRED AND YOU HAVE NOT HAD AN ANNUAL PERIODIC HEALTH ASSESSMENT WITHIN THE PAST YEAR, YOU MUST SUBMIT A COMPLETED DD FORM 2807-1 (REPORT OF MEDICAL HISTORY) THAT HAS BEEN REVIEWED BY AN APPROPRIATE MEDICAL EXAMINER AS INDICATED IN MANMED CHAPTER 15 OR SUBMIT A DD FORM 2808 (REPORT OF MEDICAL EXAMINATION) TO YOUR PARENT COMMAND. NONCOMPLIANCE WITH THIS REQUIREMENT COULD RESULT IN REQUESTS FOR DUTY BEING DENIED. SUBMIT, WITHIN 10 DAYS, THE REQUIRED DOCUMENTATION TO THE APPROPRIATE ADMINISTRATIVE OFFICE MAINTAINING YOUR SERVICE AND HEALTH RECORDS FOR UPDATING.

15. ENSURE SNM REPORTS TO DUTY WITH ORIGINAL ORDERS, SRB AND MEDICAL RECORDS FOR PERIODS OF DUTY OVER 30 DAYS.

ORIGINAL

1320
MROWS/2960103/0/INV

SUBJ: ORDERED TO ACTIVATION-PARTIAL MOBILIZATION; CASE OF LIEUTENANT COLONEL ANIELA K SZYMANSKI [redacted]/4402 USMC

16. MARINES (ACTIVE AND RESERVE) AND FAMILY MEMBERS WITH QUESTIONS MAY CONTACT THE VIRTUAL FAMILY SUPPORT SERVICE PROGRAM SPONSORED BY THE MARFORRES MARINE CORPS COMMUNITY SERVICES (1-866-305-9058 OR EMAIL MCCS2MFR.USMC.MIL) AND CERIDIAN CORPORATION. THE SUPPORT SERVICE IS OPEN 24/7 AND CAN BE ACCESSED BY UTILIZING THE FOLLOWING INFORMATION: (A )INTERNET: WWW.MILITARYONESOURCE.COM. (B) TOLL-FREE CONUS: 800-342-9647, OCONUS: 800-3429-6477 (DIAL ALL DIGITS), OCONUS COLLECT (484) 530-5908, TTY/TDD: 800-346-9188, EN ESPANOL: 877-888-0727, KOREA: DSN 550-2769.

17. UNLESS YOU HAVE MADE AN ALTERNATE ELECTION OF REDUCED OR NO COVERAGE PRIOR TO THE ISSUANCE OF THESE ORDERS, YOU WILL AUTOMATICALLY RECEIVE SGLI COVERAGE IN THE AMOUNT OF $500,000 DURING THE PERIOD OF THESE ORDERS. IF YOU DESIRE TO CHANGE YOUR ELECTION FOR INCREASED, REDUCED, OR NO COVERAGE, FORWARD A COMPLETED VA FORM 29-8286 TO YOUR PARENT UNIT. WHETHER BY DEFAULT OR ELECTION, YOU ARE LIABLE FOR PAYMENT OF SGLI PREMIUMS. PREMIUM PAYMENTS WILL BE AUTOMATICALLY COLLECTED FROM YOUR MILITARY PAY ACCOUNT. UNLESS YOU ELECT NO COVERAGE, ANY UNPAID PREMIUMS WILL APPEAR AS DEBITS ON YOUR LES. SGLI COVERAGE RANGES FROM $50,000 TO $500,000 AT A COST OF THREE DOLLARS AND FIFTY CENTS ($3.50) FOR EACH $50,000 INCREMENT OF COVERAGE. ADDITIONALLY, A PREMIUM OF $1.00 IS AUTOMATICALLY ADDED FOR TRAUMATIC INJURY PROTECTION COVERAGE (TSGLI).

18. WITHIN THREE WORKING DAYS AFTER COMPLETION OF THE TRAVEL DIRECTED HEREIN FORWARD YOUR ORIGINAL ORDERS AND REPORTING AND DETACHING ENDORSEMENT WITH A COMPLETED DD FORM 1351-2 (TRAVEL VOUCHER) TO YOUR PARENT UNIT (ATTN: PAY/ADMIN). FAILURE TO SUBMIT THESE ORDERS WITHIN THREE DAYS MAY RESULT IN YOU BEING ISSUED A LETTER OF INDEBTEDNESS TO THE GOVERNMENT. FORWARD A COPY OF THE LIQUIDATED TRAVEL VOUCHER TO CMC (MRA/MB).

19. ACCRUED ANNUAL LEAVE IS HIGHLY ENCOURAGED TO BE TAKEN DURING THESE ORDERS. IT IS IMPERATIVE THAT COMMANDERS ENSURE ACCURATE ADMINISTRATIVE ACTION IS ACCOMPLISHED BY THE END OF THESE ORDERS AND TIMELY UNIT DIARY ACTION IS TAKEN UPON COMPLETION OF THESE ORDERS.

20. IAW NDAA, A MEMBER OF THE RESERVE COMPONENT WHO IS ISSUED A DELAYED-EFFECTIVE-DATE-ACTIVE-DUTY ORDER, OR IS COVERED BY SUCH AN ORDER, THAT IS, FOR A PERIOD OF ACTIVE DUTY OF MORE THAN 30 DAYS, IN SUPPORT OF A CONTINGENCY OPERATION, AS DEFINED IN 10 U.S.C., 101(A)(13)(B), SHALL BE ELIGIBLE, ALONG WITH ELIGIBLE FAMILY MEMBERS, FOR TRICARE, ON EITHER THE DATE OF NOTIFICATION OF SUCH ORDER, OR NO MORE THAN 180 DAYS PRIOR TO THE EFFECTIVE DATE OF ACTIVE DUTY PRESCRIBED IN THE ORDER, WHICHEVER IS LATER.

21. MEMBER MAY ELECT OR DECLINE TRICARE RESERVE SELECT (TRS): BEFORE TERMINATION OF THE CURRENT ACTIVE DUTY ORDER, THE MEMBER MUST ELECT OR DECLINE TRS ON THE DMDC WEBSITE (HTTPS://WWW.DMDC.OSD.MIL/appj/tsa/index.jsp). ENROLLMENT: IF MEMBER ELECTS TRS ENROLLMENT, HE/SHE CAN EITHER PULL THE DD FORM 2895 FROM THE TRICARE WEBSITE (HTTP://WWW.TRICARE.OSD.MIL/RESERVE/RESERVESELECT) OR CONTACT THEIR PARENT MARINE CORPS RESERVE UNIT FOR ASSISTANCE. TRS ENROLLMENT MUST BE COMPLETED WITHIN 120 DAYS AFTER TERMINATION OF THE ACTIVE DUTY TOUR OR MEMBER WILL LOSE ELIGIBILITY TO ENROLL IN TRS. TRS BENEFITS BECOME EFFECTIVE 180 DAYS AFTER TERMINATION OF THE ACTIVE DUTY TOUR.

22. ALL USMC PERSONNEL WHO ARE MEMBERS OF THE READY RESERVE (SMCR, IMA, IRR) TO INCLUDE RESERVISTS CURRENTLY MOBILIZED, ARE MANDATED TO PERIODICALLY UPDATE THEIR CIVILIAN EMPLOYMENT INFORMATION (CEI) DATA. FAILURE TO COMPLY WITH THIS MANDATE MAY RESULT IN DENIAL OF FUTURE REQUESTS FOR DUTY. DODINST 7730.54 IS THE UNDERSECRETARY OF DEFENSE FOR PERSONNEL AND READINESS MEMO ON THE REPORTING OF CIVILIAN EMPLOYMENT INFORMATION (CEI) THAT MANDATED THE

ORIGINAL

1320
MROWS/2960103/0/INV

SUBJ: ORDERED TO ACTIVATION-PARTIAL MOBILIZATION; CASE OF LIEUTENANT COLONEL ANIELA K SZYMANSKI [redacted]/4402 USMC

COLLECTION OF CEI FOR ALL MEMBERS OF THE READY RESERVE. MARADMIN 084/09 REGISTRATION OF CIVILIAN EMPLOYMENT INFORMATION (CEI) FOR MARINES IN THE READY RESERVE DIRECTS THAT ALL MEMBERS OF THE USMC READY RESERVE WILL COMPLY WITH DODINST GUARD AND RESERVE WEB PORTAL. THE PORTAL CAN BE ACCESSED DIRECTLY AT (LOWER CASE) HTTPS://WWW.DMDC.OSD.MIL/APPJ/ESGR THEN CLICK ON LOGON TAB. THE PORTAL CAN ALSO BE ACCESSED FROM THE RESERVE DUTY ON LINE (RDOL) HOMEPAGE VIA MARINE ON LINE (MOL), CLICK ON RESOURCES TAB, THEN CLICK ON RESERVE DUTY ON LINE, THEN CLICK ON HYPERLINK TO THE DOD GUARD AND RESERVE PORTAL, THEN CLICK ON LOGON TAB.

23. MISSIONS MAY REQUIRE YOU TO BE REMISSIONED WITHIN THE AOR, REMISSIONED GLOBALLY, OR REDEPLOYED AND DEMOBILIZED AS OPERATIONAL REQUIREMENTS DICTATE.

ALL MILITARY MEMBERS ARE REQUIRED TO BRING AT LEAST ONE SET OF CIVILIAN CLOTHING.

24. CALL 1-800-336-4590 (NATIONAL COMMITTEE FOR EMPLOYER SUPPORT OF THE GUARD AND RESERVE) OR CHECK ON LINE AT WWW.ESGR.ORG FOR QUESTIONS REGARDING YOUR EMPLOYMENT/REEMPLOYMENT RIGHTS.

25. Paragraph 112400 version 1 is empty in orders paragraph table

26. IF ACUTE, NON-EMERGENCY MEDICAL CARE IS REQUIRED FOR YOU OR YOUR FAMILY MEMBERS, CALL 1-800-931-9501 TO OBTAIN GUIDANCE AND TO RECEIVE THE REQUIRED AUTHORIZATION. IF EMERGENCY CARE IS NEEDED, GET CARE IMMEDIATELY, THEN CONTACT THE NUMBER LISTED ABOVE ONCE CARE IS RECEIVED.

27. YOU ARE DIRECTED TO PROVIDE A COPY OF THESE ORDERS TO YOUR DEPENDENTS FOR THEIR USE DURING YOUR PERIOD OF ACTIVATION.

28. THESE ORDERS ARE TAD EXCESS.

29. LTCOL ANIELA SZYMANSKI IS DIRECTED TO DO A VIRTUAL CHECK WITH THE JUDGE ADVOCATED DIVISION AT HQMC. SNO'S TRAVEL WITH BE FROM HOME OF RECORD TO THE DEPARTMENT OF JUSTICE IN MEMPHIS

30. TN.

31. REQUESTOR OF THESE ORDERS WAS: [redacted] YOUR DUTY SITE POINT OF CONTACT IS [redacted]

32. ALTERNATE MEANS OF ACCOMPLISHING THIS MISSION, SUCH AS SECURE VIDEO TELECONFERENCE (SVTC) OR OTHER WEB-BASED COMMUNICATION ARE NOT SUFFICIENT TO ACCOMPLISH TRAVEL OBJECTIVES.

33. PER MARADMIN 632/19 SUBJECT: TRANSITION READINESS, EFFECTIVE 1 OCTOBER 2019, RESERVE COMPONENT MARINES DEMOBILIZING OR DEACTIVATING AFTER SERVING THE FIRST 180 CONTINUOUS DAYS ON ACTIVE DUTY ORDERS MUST COMPLETE THE TRP PROCESS WITHIN THE 365 DAY TIMEFRAME PRIOR TO DEMOBILIZATION OR DEACTIVATION. IF BEING DEMOBILIZED OR DEACTIVATED DURING A TIME WHICH MAKES THE 365 DAY REQUIREMENT UNFEASIBLE, THE REQUIREMENTS WILL BE COMPLETED AS SOON AS POSSIBLE WITHIN THE REMAINING PERIOD OF SERVICE.

UPON INITIAL COMPLETION OF ALL REQUIREMENTS, AS CONFIRMED BY THE INSTALLATION'S TRP PERSONNEL AND THE CO OR DESIGNEE VIA A COMPLETED DD FORM 2648, ALL REQUIREMENTS (INDIVIDUALIZED INITIAL COUNSELING, PRE-SEPARATION COUNSELING, TRS, CAPSTONE REVIEW, AND COMMANDER'S VERIFICATION) ARE GOOD INDEFINITELY UNLESS PERMANENTLY SEPARATING, RETIRING FROM THE RC, REQUESTED BY THE MARINE (SPACE AVAILABLE) OR DIRECTED BY THE COMMANDER OR DESIGNEE.

ORIGINAL

1320
MROWS/2960103/0/INV

SUBJ: ORDERED TO ACTIVATION-PARTIAL MOBILIZATION; CASE OF LIEUTENANT COLONEL ANIELA K SZYMANSKI [redacted]/4402 USMC

TRP WAIVERS DO NOT EXIST.

RESERVE COMPONENT MARINES TRANSFERRING FROM TITLE 10 STATUS TO TITLE 10 STATUS, WITH NO GAP IN SERVICE, ARE NOT REQUIRED TO COMPLETE THE TRP PROCESS.

PLEASE CONTACT THE NEAREST MARINE CORPS INSTALLATION FOR TRP ASSISTANCE OR VISIT HTTPS://USMC-MCCS.ORG/CYCLE/TRANSITION/ FOR MORE INFORMATION.

LT KUNCE
BY DIRECTION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RYAN LINDEN and<br>RICK KIRAN SAGA,<br><br>Defendants. | Case No. 2:24-cr-00142-JAD-EJY |

# EXHIBIT C

**Hennings v. United States, No. 1:25-cv-01299-STA-jay - Public Federal Docket Record**

**Relevance:** Public docket record identifying Aniela K. Szymanski as DOJ-USAO, listing aniela.szymanski@usdoj.gov, assigned January 22, 2026 and terminated February 20, 2026, representing the United States of America.

Submitted in support of the Brief of Amicus Curiae Dr. Surajit Khanna.

**1:25-cv-01299-STA-jay** Hennings v. UNITED STATES OF AMERICA
S. Thomas Anderson, presiding
Jon A. York, referral
**Date filed:** 12/29/2025
**Date terminated:** 06/25/2026
**Date of last filing:** 06/25/2026

## Attorneys

| | | |
|---|---|---|
| **2255 AUSA - Jackson**<br>U.S. ATTORNEY'S OFFICE - Jackson<br>109 S. Highland Ave.<br>3rd Floor Federal Bldg.<br>Jackson, TN 38301<br>731-422-6220<br>731-422-6668 (fax)<br>usatnw.2255@usdoj.gov<br>*Assigned: 12/29/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |
| **William Joshua Morrow**<br>UNITED STATES ATTORNEY'S OFFICE<br>Western District of Tennessee<br>109 South Highland Avenue<br>Suite 300<br>Jackson, TN 38301<br>731-422-6220<br>731-422-6668 (fax)<br>Josh.Morrow@usdoj.gov<br>*Assigned: 01/06/2026*<br>*TERMINATED: 01/23/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |

| | | |
|---|---|---|
| **Hillary Lawler Parham**<br>U.S. ATTORNEY'S OFFICE - Jackson<br>109 S. Highland Ave.<br>3rd Floor Federal Bldg.<br>Jackson, TN 38301<br>731-422-6220<br>731-422-6668 (fax)<br>Hillary.Parham@usdoj.gov<br>*Assigned: 02/20/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |
| **Aniela K Szymanski**<br>DOJ-USAO<br>167 N Main Street<br>Suite 800<br>Memphis, TN 38103<br>901-969-2858<br>aniela.szymanski@usdoj.gov<br>*Assigned: 01/22/2026*<br>*TERMINATED: 02/20/2026* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RYAN LINDEN and<br>RICK KIRAN SAGA,<br><br>Defendants. | Case No. 2:24-cr-00142-JAD-EJY |

# EXHIBIT D

**ECF No. 62 - Stipulation to Continue Trial**

**Relevance:** Filed February 19, 2026 in the District of Nevada criminal case. Per the requested exhibit format, only the first page of this ECF filing is reproduced after the cover page.

Submitted in support of the Brief of Amicus Curiae Dr. Surajit Khanna.

SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 9264
STEVEN W. MYHRE
Nevada Bar No. 9635
SKYLER PEARSON
Assistant United States Attorneys
United States Attorney's Office
510 Las Vegas Blvd., South, Ste. 1100
Las Vegas, Nevada 89101
(702) 388-6336
Steven.Myhre@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RYAN LINDEN and RICK KIRAN SAGA,<br><br>Defendants. | 2:24-cr-00142-JAD-EJY<br><br>**Stipulation To Continue Trial and Proposed Order**<br><br>**(Fifth Request)** |

The undersigned parties respectfully submit the following Stipulation and Proposed Order for the Court's consideration.

IT IS HEREBY STIPULATED AND AGREED, by and between undersigned counsel for the government and undersigned counsel for the defendants, Ryan **LINDEN** and Rick **SAGA**, that the trial date of **March 10, 2026 at 9:00 a.m.** (Calendar Call of **February 23, 2026 at 1:30 pm**), be vacated and continued to a date and time convenient to the Court, but no earlier than a trial stack commencing on or after **December 7, 2026**.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RYAN LINDEN and<br>RICK KIRAN SAGA,<br><br>Defendants. | Case No. 2:24-cr-00142-JAD-EJY |

# EXHIBIT E

**ECF No. 64 - Notice of Bankruptcy - 2965 Holdings, LLC**

**Relevance:** Filed February 26, 2026 and identifying Aniela K. Szymanski as Attorney for Defendant Rick Kiran Saga. Only the first page of this ECF filing is reproduced.

Submitted in support of the Brief of Amicus Curiae Dr. Surajit Khanna.

Aniela K. Szymanski, Esq.
Nevada Bar No. 15822
3765 E. Sunset Rd. B9
Las Vegas NV 89120
702-899-8180
aniela@anielalaw.com
*Attorney for Defendant, Rick Kiran Saga*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICK KIRAN SAGA,<br><br>Defendant. | Case No.: 2:24-CR-00142-JAD-EJY |

**NOTICE OF BANKRUPTCY – 2965 HOLDINGS, LLC.**

Defendant Rick Kiran Saga, by and through undersigned counsel Aniela K. Szymanski, Esq., respectfully NOTIFIES this Court and all interested parties that 2965 Holdings, LLC has filed for Chapter 11 Bankruptcy protection as set forth in the attachment.

DATED this 26th day of February, 2026.

Respectfully submitted,

Aniela K Szymanski
Aniela K. Szymanski, Esq.
3765 E. Sunset Rd. B9
Las Vegas NV 89120
702-899-8180
*Attorney for Defendant, Rick Kiran Saga*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RYAN LINDEN and<br>RICK KIRAN SAGA,<br><br>Defendants. | Case No. 2:24-cr-00142-JAD-EJY |

# EXHIBIT F

**ECF No. 72 - Stipulation to Continue Motions Hearing**

**Relevance:** Filed August 19, 2026 in the District of Nevada criminal case. Per the requested exhibit format, only the first page of this ECF filing is reproduced.

Submitted in support of the Brief of Amicus Curiae Dr. Surajit Khanna.

Aniela K. Szymanski, Esq.
Law Office of Aniela K. Szymanski, Ltd.
3765 E Sunset Rd; ste B9
Las Vegas, NV 89120
Phone: 702.899.8180
aniela@anielalaw.com
*Counsel for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>**DAVID RYAN LINDEN**<br>DEFENDANT (1)<br><br>AND<br><br>**RICK KIRAN SAGA**<br>DEFENDANT (2)<br><br>RE: **RICK KIRAN SAGA**<br>INDIVIDUAL DEFENDANT | Case No.: 2:24-cr-00142-JAD-EJY-2<br><br>Assigned to the Honorable U.S. District Court Jennifer A. Dorsey, Presiding Judge<br><br>and Referred to Magistrate Judge Elayna J. Youchah |

**STIPULATION TO CONTINUE MOTIONS HEARING**

The United States of America and Defendant Rick Kiran Saga, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The motion hearing currently scheduled for August 19, 2026, shall be continued to August 31, 2026, at 3:00 p.m., and shall be continued in person so that Defendant's counsel may appear in person.
2. A short continuance will not prejudice the Government of the public interest.

IT IS SO STIPULATED.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RYAN LINDEN and<br>RICK KIRAN SAGA,<br><br>Defendants. | Case No. 2:24-cr-00142-JAD-EJY |

# EXHIBIT G

**Additional Public Federal Docket Records Identifying Szymanski as DOJ-USAO**

**Relevance:** Includes Jordan v. United States, No. 1:26-cv-01072-STA-jay (assigned April 20, 2026) and Rainey v. United States, No. 1:26-cv-01086-STA-jay (assigned May 27, 2026), public docket records identifying Szymanski as DOJ-USAO/Lead Attorney representing the United States.

Submitted in support of the Brief of Amicus Curiae Dr. Surajit Khanna.

**1:26-cv-01072-STA-jay** Jordan v. UNITED STATES OF AMERICA
S. Thomas Anderson, presiding
Jon A. York, referral
**Date filed:** 04/01/2026
**Date of last filing:** 08/04/2026

# Attorneys

| | | |
|---|---|---|
| **2255 AUSA - Jackson**<br>U.S. ATTORNEY'S OFFICE - Jackson<br>109 S. Highland Ave.<br>3rd Floor Federal Bldg.<br>Jackson, TN 38301<br>731-422-6220<br>731-422-6668 (fax)<br>usatnw.2255@usdoj.gov<br>*Assigned: 04/01/2026*<br>*ATTORNEY TO BE NOTICED* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |
| **William Joshua Morrow**<br>UNITED STATES ATTORNEY'S OFFICE<br>Western District of Tennessee<br>109 South Highland Avenue<br>Suite 300<br>Jackson, TN 38301<br>731-422-6220<br>731-422-6668 (fax)<br>Josh.Morrow@usdoj.gov<br>*Assigned: 04/02/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |
| **Aniela K Szymanski**<br>DOJ-USAO<br>167 N Main Street<br>Suite 800<br>Memphis, TN 38103<br>901-969-2858<br>aniela.szymanski@usdoj.gov<br>*Assigned: 04/20/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |

**1:26-cv-01086-STA-jay** Rainey v. UNITED STATES OF AMERICA
S. Thomas Anderson, presiding
Jon A. York, referral
**Date filed:** 04/14/2026
**Date of last filing:** 08/22/2026

## Attorneys

| Attorney | | Party |
|---|---|---|
| **2255 AUSA - Jackson**<br>U.S. ATTORNEY'S OFFICE - Jackson<br>109 S. Highland Ave.<br>3rd Floor Federal Bldg.<br>Jackson, TN 38301<br>731-422-6220<br>731-422-6668 (fax)<br>usatnw.2255@usdoj.gov<br>*Assigned: 04/14/2026*<br>*ATTORNEY TO BE NOTICED* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |
| **Hillary Lawler Parham**<br>U.S. ATTORNEY'S OFFICE - Jackson<br>109 S. Highland Ave.<br>3rd Floor Federal Bldg.<br>Jackson, TN 38301<br>731-422-6220<br>731-422-6668 (fax)<br>Hillary.Parham@usdoj.gov<br>*Assigned: 04/17/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |
| **Aniela K Szymanski**<br>DOJ-USAO<br>167 N Main Street<br>Suite 800<br>Memphis, TN 38103<br>901-969-2858<br>aniela.szymanski@usdoj.gov<br>*Assigned: 05/27/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **UNITED STATES OF AMERICA**<br>*(Respondent)* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RYAN LINDEN and<br>RICK KIRAN SAGA,<br><br>Defendants. | Case No. 2:24-cr-00142-JAD-EJY |

# EXHIBIT H

**United States v. Shanks, No. 2:26-cr-20298-TLP - Public Federal Docket Record**

**Relevance:** Public federal criminal docket record identifying Aniela K. Szymanski as DOJ-USAO, assigned July 28, 2026, as Lead Attorney representing the United States of America as Plaintiff.

Submitted in support of the Brief of Amicus Curiae Dr. Surajit Khanna.

**2:26-cr-20298-TLP All Defendants** United States of America v. Shanks
**Date filed:** 07/28/2026
**Date of last filing:** 09/03/2026

## Attorneys

| | | |
|---|---|---|
| **Carroll L. Andre, III**<br>U.S. ATTORNEY'S OFFICE<br>Federal Building<br>167 N. Main St.<br>Ste. 800<br>Memphis, TN 38103<br>901-544-4231<br>901-544-0854 (fax)<br>carroll.andre@usdoj.gov<br>*Assigned: 07/28/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **United States of America**<br>*(Plaintiff)* |
| **Aniela K Szymanski**<br>DOJ-USAO<br>167 N Main Street<br>Suite 800<br>Memphis, TN 38103<br>901-969-2858<br>aniela.szymanski@usdoj.gov<br>*Assigned: 07/28/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **United States of America**<br>*(Plaintiff)* |
| **C. Anne Tipton**<br>C. ANNE TIPTON<br>253 Adams Avenue<br>Memphis, TN 38103<br>901-528-8500<br>901-524-1803 (fax)<br>cannetiptonlaw@gmail.com<br>*Assigned: 07/28/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | representing | **Rickey L. Shanks** (1)<br>*(Defendant)* |